# IN THE COURT OF APPEALS OF IOWA

No. 22-0478
Filed March 29, 2023


**IN THE MATTER OF THE TRUST OF THE R.J. WENCK TRUST UNDER THE LAST WILL/TESTAMENT OF LANNY L. WENCK,**

**ANTHONY WENCK, BRENDA HOLT, and KRIS MCDONALD,**
        Defendants-Appellants.
_____


        Appeal from the Iowa District Court for Madison County, Martha L. Mertz,

Judge.


        Remainder beneficiaries of a trust appeal from an order apportioning

payment of attorney fees associated with a separate proceeding.  **AFFIRMED.**


        Billy J. Mallory of Brick Gentry, P.C., West Des Moines, for appellants.

        James R. Monroe of James R. Monroe Law Firm, Des Moines, for appellee

R.J. Wenck.

        Robert C. Gainer of Cutler Law Firm, P.C., West Des Moines, for appellee

Trustee of the R.J. Wenck Trust.


        Considered by Vaitheswaran, P.J., Ahlers, J., and Danilson, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**AHLERS, Judge.**

Through his last will and testament, Lanny Wenck established the R.J. Wenck Trust, benefitting his son, R.J. Wenck. Lanny's will named three of his other children (appellants Anthony Wenck, Kris McDonald, and Brenda Holt) as remainder beneficiaries. After establishment of the trust following Lanny's death, the trust was involved in litigation. Litigation counsel represented the trust on a contingency fee basis.[1] The litigation culminated in a settlement that resulted in the trust receiving $159,250.00. Without objection from any of the four trust beneficiaries, the court ordered the funds be allocated to the principal of the trust.

The trustee then sought court approval to pay the trust's litigation counsel $55,216.44, consisting of litigation expenses of $3199.66 and $52,016.78 in fees.[2] The remainder beneficiaries did not challenge the amount of the litigation expenses or fees, but they did challenge paying any amount of the expenses or fees from the principal. They argued the language of the trust required the payment come from the income of the trust. Following a contested hearing, the court ordered one-fourth of the litigation expenses ($13,804.11) to be paid from trust income and the remaining three-fourths ($41,412.33) to be paid from trust principal.

The remainder beneficiaries appeal. They claim the terms of the trust

---

[1] The contract for legal services provided, "In the event of any recovery by attorney, client shall pay attorney a fee equal to one third (33.33%) of the recovery after payment of expenses."

[2] Pursuant to the one-third contingency fee contract, the fee was calculated by taking the amount recovered ($159,250.00), subtracting litigation expenses ($3199.66), and then dividing by three, resulting in the fee amount of $52,016.78 (($159,250.00–3199.66) / 3 = $52,016.78).

require the payment to the trust's litigation counsel be made from trust income only. Both R.J. and the trustee serve as appellees.[3]

"We review trust proceedings de novo." *Shelton v. Tr. Created by Joint Tr. Agreement of Shelton*, No. 20-1006, 2021 WL 5458088, at *3 (Iowa Ct App. Nov. 23, 2021). However, to the extent we are required to review the district court's statutory interpretation, we review for legal error. *In re Est. of Melby*, 841 N.W.2d 867, 871 (Iowa 2014). "Our interpretation of a trust is guided by the intent of the testator." *In re Steinberg Fam. Living Tr.*, 894 N.W.2d 463, 468 (Iowa 2017). "We determine intent based on the language of the trust itself, utilizing the ordinary and usual meaning of the words included." *Id.*

The remainder beneficiaries stress that no provision of the trust provides "the trustee any discretion to allocate administrative costs between income and principal." Instead, the trust provides that the trustee is "authorized and directed to pay all other administration costs from the trust income." The remainder beneficiaries also rely on Iowa Code section 633A.4204 (2018), which states, "A trustee may only incur costs that are reasonable in relation to the trust property, purposes, and other circumstances of the trust." Considering the trust language and section 633A.4204 together, they reason the litigation costs amount to administrative costs that must be paid from the trust income. Moreover, they note

---

[3] As R.J.'s and the trustee's interests align, we will refer to the appellees as "the trust" or "the trustee" hereafter. We note, however, that there is one way the positions of R.J. and the trustee diverge, and that is in R.J.'s suggestion in his brief that the trust's litigation counsel's expenses and fees should be paid entirely from principal. To the extent R.J. is claiming the entire payment to the trust's litigation counsel should be paid from the trust principal, we cannot consider the claim because R.J. did not file a cross-appeal.

the trust language limits invasion of the trust principal as follows:

> During the life of R.J. Wenck, the trustees, in their sole and absolute discretion, may pay to or apply for the benefit of R.J. Wenck such portions of the principal of the trust as the trustees deem advisable to provide for the education, health, support and maintenance of R.J. Wenck after taking into account any other resources available to him for these purposes.

The remainder beneficiaries contend this trust language prohibits invasion of trust principal for any purposes beyond those expressly listed. They argue that paying litigation counsel is not listed as one of the reasons for invading the principal, so the trustee has no authority to do so.

> The trustee pushes back by highlighting different trust language that states:

> My trustees shall have the power and authority to do any act or thing reasonably necessary or advisable for the proper administration, management and distribution of this trust and shall have all powers, duties and responsibilities provided for trustees by the Iowa Probate Code and the Iowa Trust Code as those Codes now or hereafter provide.

The trustee also points to Iowa Code section 637.103(2),[4] which provides:

> In exercising a discretionary power of administration regarding a matter within the scope of this chapter, whether granted by the terms of a trust, a will, or this chapter, a fiduciary shall administer a trust or estate impartially, based on what is fair and reasonable to all of the beneficiaries, unless the terms of the trust or the will clearly manifest an intention that the fiduciary shall or may favor one or more of the beneficiaries. A determination in accordance with this chapter is presumed to be fair and reasonable to all of the beneficiaries.

So, the trustee reasons, the trust provided discretion to allocate payment between income and principal as part of the administration and management of the trust.

---

[4] The trustee also relies on section 637.201(2)(b). But that section only applies "[a]fter a decedent dies, in the case of an estate, or after an income interest in a trust ends." Iowa Code § 637.201. Because the income interest in this trust remains, section 637.201 is not applicable to the dispute at hand.

In this instance, we do not think payment due to the trust's litigation counsel can be categorized as administrative costs as the remainder beneficiaries urge. Instead, we agree with the trustee that determining the source of payment for the trust's litigation counsel fits within the power and authority conferred on the trustee by the trust's express language "to do any act or thing reasonably necessary or advisable for the proper administration, management" of the trust. Section 637.103(2) makes clear that the trustee should exercise discretion in a manner that is fair to all beneficiaries. Yet the contention advanced by the remainder beneficiaries, that the trust litigation counsel should be paid only from trust income, would specifically and unfairly disadvantage R.J. because he is the only party receiving the annual trust net income. As the settlement benefitted all four beneficiaries, it would be unfair and unreasonable to allocate the expenses and fees incurred in securing the settlement in a manner detrimental to only the income beneficiary. R.J. should not be deprived of trust income simply to ensure a larger principal for the remainder beneficiaries to receive upon his death. Doing so would run afoul of section 637.103(2). Moreover, the litigation settlement proceeds were categorized as principal. It is only logical that at least a portion of the payment to the trust's litigation counsel come from the principal rather than solely from trust income. *See* Iowa Code § 637.502(1)(d) (directing a trustee to make disbursements from principal for "[e]xpenses of a proceeding that concerns primarily principal").

Accordingly, the trustee was acting within its powers to seek approval to pay the trust's litigation counsel using both trust income and principal. No language in the trust or Code prohibits such a payment allocation, and fairness

and reasonableness require it. Therefore, we affirm the district court's order apportioning the payment between both trust income and principal.

**AFFIRMED.**